**[J-118A-2020, J-118B-2020, J-118C-2020, J-118D-2020, J-118E-2020 and J-118F-2020] [OAJC]**
**IN THE SUPREME COURT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: CANVASS OF ABSENTEE AND MAIL-IN BALLOTS OF NOVEMBER 3, 2020 GENERAL ELECTION | : | No. 31 EAP 2020 |
| | : | |
| | : | |
| | : | SUBMITTED: November 18, 2020 |
| APPEAL OF: DONALD J. TRUMP FOR PRESIDENT, INC. | : | |
| | : | |
| | : | |
| | : | |
| IN RE: CANVASS OF ABSENTEE AND MAIL-IN BALLOTS OF NOVEMBER 3, 2020 GENERAL ELECTION | : | No. 32 EAP 2020 |
| | : | |
| | : | SUBMITTED: November 18, 2020 |
| APPEAL OF: DONALD J. TRUMP FOR PRESIDENT, INC. | : | |
| | : | |
| | : | |
| IN RE: CANVASS OF ABSENTEE AND MAIL-IN BALLOTS OF NOVEMBER 3, 2020 GENERAL ELECTION | : | No. 33 EAP 2020 |
| | : | |
| | : | |
| | : | SUBMITTED: November 18, 2020 |
| APPEAL OF: DONALD J. TRUMP FOR PRESIDENT, INC. | : | |
| | : | |
| | : | |
| IN RE: CANVASS OF ABSENTEE AND MAIL-IN BALLOTS OF NOVEMBER 3, 2020 GENERAL ELECTION | : | No. 34 EAP 2020 |
| | : | |
| | : | SUBMITTED: November 18, 2020 |
| APPEAL OF: DONALD J. TRUMP FOR PRESIDENT, INC. | : | |
| | : | |
| | : | |
| IN RE: CANVASS OF ABSENTEE AND MAIL-IN BALLOTS OF NOVEMBER 3, 2020 GENERAL ELECTION | : | No. 35 EAP 2020 |
| | : | |
| | : | SUBMITTED: November 18, 2020 |
| APPEAL OF: DONALD J. TRUMP FOR PRESIDENT, INC. | : | |
| | : | |
| | : | |

IN RE: 2,349 BALLOTS IN THE 2020      :   No. 29 WAP 2020
GENERAL ELECTION             :

APPEAL OF: ALLEGHENY COUNTY     :   Appeal from the Order of the
BOARD OF ELECTIONS            :   Commonwealth Court entered
                              :   November 19, 2020 at No. 1162 CD
                              :   2020, reversing the Order of the
                              :   Court of Common Pleas of
                              :   Allegheny County entered November
                              :   18, 2020 at No. GD 20-011654 and
                              :   remanding
                              :
                              :
                              :   SUBMITTED: November 20, 2020

## CONCURRING AND DISSENTING OPINION

**JUSTICE DOUGHERTY**                        **DECIDED: November 23, 2020**

I concur in the decision to affirm the lower courts' orders pertaining to ballots where the qualified electors failed to print their name and/or address on the outer envelope containing their absentee or mail-in ballots. However, I cannot agree that the obligation of electors to set forth the date they signed the declaration on that envelope does not carry "weighty interests." Opinion Announcing the Judgment of the Court (OAJC) at 30. I therefore respectfully dissent from the holding at Section III(2) of the OAJC which provides that the undated ballots may be counted.

The applicable statutes require that electors "shall [ ] fill out, date and sign" the declaration printed on the ballot envelope. 25 P.S. §§3146.6(a), 3150.16(a). In my view, the term "fill out" is subject to interpretation. Maybe it means printing one's name and address on the envelope, and maybe it does not. Given that our goal in interpreting the Election Code is to construe ambiguous provisions liberally, in order to avoid disenfranchisement where possible, I do not consider the failure of qualified electors to "fill out" their name and address, particularly where the name and address already appear

on the other side of the envelope, to require disqualification of the ballot. I am further persuaded of this position by the fact that the blank spaces on the envelope indicating where the name and address should be "filled out" were designated by the Secretary, not the General Assembly. 25 P.S. §3146.4 ("Said form of declaration and envelope shall be as prescribed by the Secretary of the Commonwealth[.]"); *see also* Concurring and Dissenting Opinion at 12-13 (Wecht, J.). But, the meaning of the terms "date" and "sign" — which **were** included by the legislature — are self-evident, they are not subject to interpretation, and the statutory language expressly requires that the elector provide them. *See In re Canvass of Absentee Ballots of Nov. 4, 2003 General Election*, 843 A.2d 1223, 1231 (Pa. 2004) ("[A]ll things being equal, the law will be construed liberally in favor of the right to vote but, at the same time, we cannot ignore the clear mandates of the Election Code.") (citation omitted). Accordingly, I do not view the absence of a date as a mere technical insufficiency we may overlook.

In my opinion, there is an unquestionable purpose behind requiring electors to date and sign the declaration. As Judge Brobson observed below, the date on the ballot envelope provides proof of when the "elector actually executed the ballot in full, ensuring their desire to cast it in lieu of appearing in person at a polling place. The presence of the date also establishes a point in time against which to measure the elector's eligibility to cast the ballot[.]" *In Re: 2,349 Ballots in the 2020 General Election*, 1162 C.D. 2020, slip op. at 12 (Pa. Cmwlth. Nov. 19, 2020) (memorandum). The date also ensures the elector completed the ballot within the proper time frame and prevents the tabulation of potentially fraudulent back-dated votes. *Cf. In re Canvass of Absentee Ballots of November 4, 2003 General Election*, 843 A.2d at 1232-33 (statutory requirement that ballot be submitted by elector and not third-party is mandatory safeguard against fraud). I recognize there is presently no dispute that all undated ballots at issue here arrived in a

timely manner.  But I am also cognizant that our interpretation of this relatively new statute will act as precedential guidance for future cases.

Chief Justice Saylor and Justice Mundy join this concurring and dissenting opinion.